IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

PARRISH LAMAR DUGGAN, #197717,  )
  )
     Plaintiff,  )
  )
   v.  )  CIVIL ACTION NO. 2:20-CV-329-RAH
  )          (WO)
  )
KENNY WAVER, *et al.*,  )
  )
     Defendants.  )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This 42 U.S.C. § 1983 action is pending before the court on an amended complaint

filed by Parrish Lamar Duggan, an indigent state inmate, challenging actions of several

correctional officers taken during his prior confinement at the Elmore Correctional Facility.

Specifically, Duggan alleges that on April 19, 2020, defendant Waver "punch[ed] [him] in

the face while [he] was in handcuffs[,]" and defendants Barnes and Johnson "beat" him,

attempted to sexually assault him with a stick and then forced him to suck on the stick.

Doc. 9 at 3.  Duggan further alleges defendant Mahone encouraged the use of force against

him and maintains defendant Lewis will serve as a favorable witness for him.  Doc. 9 at 3.

Pursuant to the orders of this court, the defendants filed a special report,

supplemental special report, and supporting evidentiary materials, including affidavits, the

applicable incident report and medical records, in which they address the claims for relief

presented by Duggan.  The special report, supplement thereto and evidentiary materials

refute the allegations presented by Duggan.  In sum, the defendants adamantly deny the

claims made by Duggan. Doc. 28-2; Doc. 28-3; Doc. 28-4; Doc. 28-5,; Doc. 28-6; Doc. 28-7.  Officer Sam Carstarphen, the Second Shift Utility Rover at Elmore on the relevant date and a non-party, submitted an affidavit in which he avers as follows:

> At approximately 7:55 p.m., I responded to an assistance call on the institutional yard. Upon arrival I observed inmate Parrish Duggan #197717 running on the yard. At that time I gave pursuit of inmate Duggan. Inmate Duggan ran in front of the chapel and pulled an object out of the ground . I instructed inmate Duggan to drop the object. Inmate Duggan failed to comply and began wrapping an object around his neck. I yelled "Gas" and administered a one second burst of chemical agent to the facial area of inmate Duggan. Inmate Duggan then [fell] unto the ground, where he was restrained by myself and a Sergeant. All use of forced ceased, and inmate Duggan was escorted outside of the Shift Commander Office, where he was decontaminated. . . .

Doc. 34-2.

The evidentiary materials filed by the defendants indicate they had no involvement with the actions about which Duggan complains.  In addition, the officer involved in the use of force on the relevant date is not a defendant and maintains he used only the amount of force necessary to gain control of Duggan and maintain security of the institution.  In addition, the body chart performed on Duggan resulting from this use of force tends to support the version of facts set forth by the defendants.  Doc. 28-8 at 11.

In light of the foregoing, the court issued an order directing Duggan to file a response to the defendants' special report, as supplemented.  Doc. 35.  The order advised Duggan that his failure to "**file a response as required by this order**" would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**."  Doc. 35 at 1 (emphasis in original).  Additionally, the

order "**specifically cautioned [Duggan] that [his failure] to file a response in compliance with the directives of this order**" would result in the dismissal of this civil action. Doc. 35 at 1 (emphasis in original).

The time allotted Duggan for filing a response as directed by this order expired on January 26, 2021.  As of the present date, Duggan has failed to file a requisite response in opposition to the defendants' special report and the supplement to this report.  Under these circumstances, the undersigned concludes this case should be dismissed.

The undersigned has reviewed the file to determine whether a less drastic measure than dismissal is appropriate.  After such review, it is clear that dismissal of this case is the proper course of action at this time.  Initially, since Duggan is an indigent inmate, the imposition of monetary or other punitive sanctions against him would be ineffectual. Additionally, Duggan's inaction in the face of the defendants' reports and evidence suggests a loss of interest in the continued prosecution of this case.  Finally, the evidentiary materials submitted by the defendants, which are at this point not disputed by Duggan, indicate that no defendant acted in violation of his constitutional rights.  It therefore appears that any additional effort by this court to secure Duggan's compliance with its orders would be unavailing and a waste of this court's scarce judicial resources.  Consequently, the undersigned finds that Duggan's abandonment of his claims and his failure to comply with an order of this court warrant dismissal.  *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, generally, where a litigant has been forewarned dismissal for failure to obey a court order is not an abuse of discretion).  The authority of courts to impose

sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure.  *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962).  This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  *Id.* at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that a "district court possesses the inherent power to police its docket.").  "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice."  *Id.* 864 F.2d at 102.

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice.

On or before **March 12, 2021,** the parties may file objections to the Recommendation.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made.  Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file written objections to the proposed findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice.  11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a

party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 26th day of February, 2021.

/s/ Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE